UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                  CRIMINAL NO. 5:15-CR-36-ALL
                                                       (Judge Bailey)

**MICHAEL J. MARSHALL,**
**BRANDT STOVER,** and
**NICHOLE P. NORTHCRAFT,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is now before this Court for consideration of Magistrate Judge James E. Seibert's Report and Recommendation ("R&R") [Doc. 117] as to Dawn E. Powell's ("Dawn Powell") Motion to Intervene [Doc. 108], which was filed on April 29, 2016. In the R&R, Magistrate Judge Seibert recommends that Dawn Powell's Motion to Intervene be denied without prejudice. Dawn Powell has not filed her Objections to the R&R. For the reasons stated more fully below, the R&R is ordered adopted.

**I.**    **Background**:

On June 2, 2015, the defendants in this matter were charged in a twelve count indictment, which alleged that they collectively conspired to defraud the Government of $140,000,000 in federal agency contracts via a Small Business Act (13 CFR §§ 124.1 *et al.*) program designed to encourage and stimulate minority and service-disabled business ownership and activity [Doc. 1]. On December 14, 2015, the Government filed a Motion

1

to Dismiss defendant Stephen M. Powell ("defendant Powell") from the Indictment, as he had recently passed away [Doc. 81], which this Court granted the same day [Doc. 82].

In the aftermath of defendant Powell's death, on April 7, 2016, his sister, Dawn Powell, filed a Motion to Intervene in this matter "for the limited purposed of being heard on assets restrained by the United States Government that [allegedly belong to Dawn E. Powell]" as the beneficiary of his estate [Doc. 108].  The Government filed a Motion in Opposition on April 12, 2016, where it contends that the Motion to Intervene must be denied as premature because: (1) Title 21, United States Code, Sections 853(n) and (k) prohibit third parties from participating in criminal forfeiture proceedings until the ancillary proceeding; and (2) no assets have been ordered forfeited at this time [Doc. 109].

On April 28, 2016, Magistrate Judge Seibert held a hearing and oral argument on the Motion to Intervene [Doc. 116].  There, the parties outlined substantively the same arguments presented in their respective Motions [Doc. 117].  Of note, when counsel for Dawn Powell was pressed as to whether he was aware of any case law which supported his client's position he indicated that he was not aware of any such authority [Id. at 1]. However, he asked the Court to note the unique situation that was presented by defendant Powell's death and his dismissal from the case [Id.].  The Government countered by arguing that defendant Powell's death is of no consequence to the disposition of this Motion, and that the Motion to Intervene is premature [Id. at 1-2].  The R&R [Id.] was filed the next day, and Dawn Powell has not filed Objections to the same.

**II.   Discussion:**

The disposition of this Motion is largely governed by an intersecting Federal Rule of Criminal Procedure and provision of the United States Code.  First, Fed. R. Crim. P.

32.2(b)(1)(A), provides that, "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Further, regarding entry of a preliminary order of forfeiture, Fed. R. Crim. P. 32.2(b)(2)(A) states that "**[t]he court must enter the order without regard to any third party's interest in the property**. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c) (emphasis added)." Fed. R. Crim. P. 32.2(c), in turn, authorizes the Court to conduct an ancillary proceeding, pursuant to 21 U.S.C. § 853(n), to determine whether any third party has a superior claim to the seized-property. *See* 21 U.S.C. § 853(n) ("Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct." Further, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."). Pursuant to the interplay of these statutes, the Government is correct in arguing that the instant Motion to Intervene is premature. Dawn Powell must wait until a preliminary order of forfeiture is entered before she can file an ancillary proceeding.

As noted in the R&R, this finding is also supported by applicable case law on the subject. In ***United States v. McHan***, 345 F.3d 262, 269 (4th Cir. 2003), the Fourth Circuit

addressed the issue of third party Motions to Intervene in forfeiture proceedings, and found that, "[t]he petition authorized by § 853(n) is the exclusive avenue through which a third party may protect his interest in property that has been subject to a forfeiture order." Moreover, "the statute provides that, until this sentence of forfeiture is entered, no party claiming an interest in the forfeited property may intervene in the criminal case." *Id.*; *see* 21 U.S.C. § 853(k); *see also* **Libretti v. United States**, 516 U.S. 29, 44 (1995) (reaffirming that a § 853(n) proceeding is the "only . . . means" by which a third party may safeguard his rights in property ordered forfeited under § 853). "Only after the sentence is entered by an order of forfeiture and notice is given to the public may any person assert an interest in forfeited property by filing a petition pursuant to § 853(n)." 345 F.3d at 269; *See* 21 U.S.C. § 853(n). Finally, this Court has conducted a thorough search of case law in identical matters, and can find but one other case analogous to the instant matter; this Court's ruling is in line with that case's disposition. *See* **United States v. Rydz**, 2011 WL 345835 (S.D. Fla. Feb. 1, 2011) (finding that a third party Motion to Intervene in a criminal matter, filed before a final order of forfeiture was entered, must be denied as premature). Accordingly, a 21 U.S.C. § 853 collateral proceeding is the sole means through which Dawn Powell can seek recourse as to the disputed property.

**III.   Conclusion:**

For the reasons stated more fully above, the R&R **[Doc. 117]** is hereby **ORDERED ADOPTED**. Accordingly, Dawn Powell's Motion to Intervene **[Doc. 108]** is **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: May 19, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE